UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STACY C. NOTLEY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-0536-G |
| STERLING BANK, ) | |
| ) | **ECF** |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs Stacy C. Notley and Sandra R. Notley ("the Notleys") to remand this case to the state court from which it was previously removed. Plaintiff's Motion to Remand ("Motion"). For the reasons stated below, the motion is granted in part and denied in part.

I. BACKGROUND

The Notleys commenced this action on October 20, 2004, in the 298th Judicial District Court of Dallas County, Texas. In this suit, the Notleys contend that Sterling Bank, the defendant, made an improper credit report against them,

negatively impacting their credit limits and interest rates. Plaintiff's Original Petition ("Petition") ¶¶ 4.8-4.10 (attached as Appendix to Brief Regarding Plaintiff's Motion to Remand). The Notleys' original petition asserted the following five state law claims: (1) fraud; (2) breach of contract; (3) promissory estoppel; (4) violations of the Texas Deceptive Trade Practices Act ("TDTPA"); and (5); business disparagement. Petition ¶¶ 5.1, 6.1, 7.1, 8.1, 9.1.

On March 8, 2006, the Notleys provided the defendant with a damage model. Damage Model (attached as Appendix to Brief Regarding Plaintiff's Motion to Remand) ("Damage Model"). The model demanded damages based on the Bank's alleged violation of the Fair Credit Reporting Act ("FCRA"), a federal cause of action under 15 U.S.C. § 1681 *et seq*. Damage Model at 4. Believing that the damage model was the Notleys' first assertion of a federal claim, Sterling Bank filed its notice of removal on March 24, 2006. Brief in Support of Response to Plaintiff's Motion to Remand ¶ 6. The Notleys, however, argue that their original petition asserted the FCRA claim, rendering the March 24, 2006, notice of removal untimely. Motion ¶¶ II.A.2-4. From the parties' submissions, both sides appear to agree, at a minimum, that the Notleys assert a sixth claim pursuant to federal law.[1]

---

[1] It is unclear to the court whether, under Texas law, the Notleys can properly assert a new federal cause of action in their damage model. For purposes of this motion to remand, however, the court will accept the contention of both sides that the Notleys have asserted an FCRA claim.

The original petition clearly asserts a claim under Chapter 20 of the Texas Business and Commerce Code. Petition ¶ 8.1. Chapter 20 is a tie-in statute which declares that any violation of Chapter 20 is also a violation of Chapter 17, the TDTPA. TEX. BUS. & COM. CODE § 20.12. Thus, the Notleys' TDTPA claim is based on the Bank's alleged violation of Chapter 20. As the Notleys point out, Chapter 20 makes numerous references to the FCRA. *See, e.g.*, TEX. BUS. & COM. CODE §§ 20.01(4), 20.02(a), 20.03(c), 20.04(b)(2), 20.06(f)(5), 20.08(a). In addition, the Notleys refer to the FCRA in the original petition. Petition ¶ 8.2. As a result, the plaintiffs contend, they asserted the federal FCRA claim in their original petition on October 20, 2004. Motion ¶¶ II.A.2-4.

The removal statute requires Sterling Bank to file notice of removal within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The Notleys argue, therefore, that if it could first be ascertained that the case was removable from the initial pleading, then Sterling Bank's notice of removal was untimely and the case must be remanded. *Id.* If not, however, it must be determined whether the damage model constitutes an "other paper" which gave Sterling Bank notice that the case had become removable. *Id.*

## II.  ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922. In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will

rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Aaron*, 876 F.2d at 1160-61. Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir.1995)

### A. Does the Initial Pleading Create Federal Question Jurisdiction?

The first issue in this case is whether the Notleys' initial pleading, filed on October 20, 2004, was removable. If so, Sterling Bank's notice of removal was untimely and the case must be remanded. *See* 28 U.S.C. § 1446. The Notleys argue that the case, as originally pleaded, was removable because their TDTPA claim incorporated the federal Fair Credit Reporting Act (FCRA). *See* 28 U.S.C. § 1331. The Texas Business and Commerce Code states that "[a]n action to enforce an obligation of a consumer reporting agency to a consumer under this chapter may be brought in any court as provided by the Fair Credit Reporting Act (15 U.S.C. Section 1681 et seq.)." TEX. BUS. & COM. CODE § 20.08. Based on this provision, the Notleys argue that the suit was initially removable. Motion ¶¶ II.A.2-4. The Notleys did not, however, assert an FCRA claim in the original pleading. They asserted only a TDTPA claim which referenced the FCRA. This is insufficient to grant this court

federal question jurisdiction.  *Howery v. Allstate Insurance Company*, 243 F.3d 912, 917-18 (5th Cir.) *cert. denied*, 543 U.S. 993 (2001).

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *Frank*, 128 F.3d at 922; *see* 28 U.S.C. § 1331.  The general rule is that "[ a] suit arises under the law that creates the cause of action." *American Well Works Company v. Layne & Bowler Company*, 241 U.S. 257, 260 (1916).  Here, the Notleys' TDTPA claim arises under Texas law because the Texas legislature created the TDTPA as a cause of action.  *Id.*  Thus, on its face, the Notleys' claim does not give rise to federal question jurisdiction.  The issue is complicated, however, by the TDTPA's reference to the FCRA and the Notleys' mention of the FCRA in their original pleading.  When a federal question of law is embedded in a state cause of action, federal question jurisdiction exists only when "(1) a federal right is an essential element of [the] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 918.  The Notleys' TDTPA claim fails this three-pronged test.

The facts of *Howery* are almost identical to those in this case.  There, defendant Allstate Insurance Company filed a notice of removal, asserting that Howery's TDTPA claim included questions of federal law because Federal Trade Commission regulations and the FCRA were referenced by the TDTPA.  *Id.* at 915.  The court first

held that Howery's claim failed the first prong of the test because no federal right was an essential element of the TDTPA claim. *Id.* at 918. The court reasoned that while conduct violating "the FCRA could possibly fall within the broad scope of the [T]DTPA[,] . . . a violation of the FCRA is not an element of the [T]DTPA." *Id.* In support of this conclusion, the court referred to the portion of the TDTPA that provides, "a violation of a provision of law other than this subchapter is not in and of itself a violation of this subchapter." TEX. BUS. & COM. CODE § 17.43. Based on this language, the court held that the TDTPA "explicitly disclaims" construing the statute in a way that would make a violation of the FCRA an element of a TDTPA claim. *Howery*, 243 F.3d at 918.

Here, the Notleys make the same argument made by Allstate Insurance Company in *Howery*. *Id.* They argue that because the FCRA is referenced by their TDTPA claim, federal question jurisdiction exists. Motion ¶ II.A.2-4. But *Howery* expressly states that although the TDTPA refers to the FCRA, that reference does not mean that a violation of the FCRA is an element of a TDTPA claim. *Howery*, 243 F.3d at 918. Thus, there is no federal element to the Notleys' TDTPA claim. *Id.* at 917. The original pleading fails the first prong of *Howery's* three-part test. *Id.*

The Notleys' original pleading also fails the other two prongs of the *Howery* test. *Id*. *Howery* states that because "no federal right is an element of Howery's state claim, no federal right needs to be interpreted." *Id.* at 918. The same is true in this

case. No federal right is an element of the Notleys' TDTPA claim just as no federal right was an element of Howery's TDTPA claim. *Id.* Thus, no federal law needs to be interpreted. *Id.* Finally, the third prong of *Howery's* test requires the federal question to be substantial. *Id.* The Fifth Circuit stated that any federal issues presented by a TDTPA claim were overwhelmed by state law issues. *Id.* at 919. The same reasoning applies here. The TDTPA's reference to federal law is not sufficient to constitute a substantial question of federal law. *Id.*

Based on this reasoning, it is clear that the Notleys' original pleading did not present a federal question. Thus, it could not "first be ascertained" from the original pleading that the case was removable to federal court, 28 U.S.C. § 1446(b), and Sterling Bank's notice of removal was not untimely.

B. <u>Does the Damage Model Create Federal Question Jurisdiction</u>?

It still must be determined whether this court has federal question jurisdiction based on the claims in the damage model. Sterling Bank filed its notice of removal within thirty days of receiving the damage model. Brief in Support of Plaintiff's Response to Plaintiff's Motion to Remand ¶ II.6-7. Thus, if the damage model is an "other paper" which gave Sterling Bank notice that the case was removable, the motion for remand must be denied. 28 U.S.C. § 1446(b).

The damage model is an "other paper" for purposes of 28 U.S.C. § 1446(b). The Fifth Circuit has held that other papers "must result from the voluntary act of a

plaintiff." *Addo v. Globe Life & Accident Insurance Company*, 230 F.3d 759, 762 (5th Cir. 2000). Here, the Notleys voluntarily provided the damage model to Sterling Bank. The only other requirement a paper must meet to qualify as an "other paper" is that it cannot be plainly a sham. *Id.* Here, there is no indication that the damage model is a sham. In addition, several other courts have held that documents similar to the Notleys' damage model constitute an "other paper." *Chapman v. Powermatic, Incorporated*, 969 F.2d 160, 164-65 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993) (holding that the only reason medical bills were not an "other paper" was because they had been served on the defendant before suit was brought); *Hines v. AC & S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D. Tex. 2001) ("discovery answers fulfill the 'other papers' requirement of 1446(b)"); *Addo*, 230 F.3d at 762 ("a post-complaint letter, which is not plainly a sham, may be 'other paper'"). One court in the Fifth Circuit has even held that an internet search constitutes an "other paper." *Beasley v. Personal Finance Corporation*, 279 B.R. 523, 531 (S.D. Miss. 2002). Thus, it would be a departure from well-established circuit precedent to hold that the Notleys' damage model does not constitute an "other paper" for the purposes of 28 U.S.C. § 1446(b).

The final issue, then, is whether the damage model states a federal claim that confers subject matter jurisdiction on this court. District courts have jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922. Generally, "a suit arises under the law

that creates the cause of action." *American Well Works Company*, 241 U.S. at 260. The Notleys' damage model states that "Consumers have [a] private right of action against furnishers of information who fail to comply with [the] requirements of 15 USCS § 1681s-2(b)." Damage Model at 5.  The paragraph continues to discuss other sections of the FCRA that would permit suit against Sterling Bank.  Thus, in the damage model, it appears that the Notleys are not merely asserting a TDTPA claim but are also asserting a private right of action under the FCRA.  *Id.*  As a result, the *Howery* analysis does not apply to the damage model, and the answer is more straight-forward.  A federal statute creates the cause of action under FCRA that the Notleys appear to assert in the damage model.  Thus, under the *American Well Works* test, the claim arises under federal law.  241 U.S. at 260. This court therefore has jurisdiction to hear the FCRA claim.  *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922.

The Notleys do not contest that the damage model raises a question of federal law.  *See* Motion ¶ II.7.  Instead, they argue only that the original pleading was removable, and that the defendant's notice of removal was therefore untimely under § 28 U.S.C. 1446(b).  *Id.* ¶ II.5.  But the original pleading asserted only a state cause of action that referenced federal law and, as discussed above, it was not sufficient to confer subject matter jurisdiction on this court.  In the damage model, however, the Notleys make clear that they intend to seek damages based on a separate federal

cause of action under the FCRA. Damage Model at 5. As a result, the court has federal question jurisdiction to hear the Notleys' claims. *Frank*, 128 F.3d at 922.

### C. Supplemental Jurisdiction Under 28 U.S.C. § 1367

In addition to the FCRA claim just discussed, the Notleys assert five state law claims. 28 U.S.C. § 1367(c)(2) provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim . . . over which the district court has original jurisdiction." 28 U.S.C § 1367(c)(2). Here, this court has original jurisdiction only over the Notleys' putative FCRA claim. The five remaining claims -- fraud, breach of contract, promissory estoppel, TDTPA, and business disparagement -- are state law claims with substantially different elements, and measures of damage, than the FCRA claim.[2] Accordingly, this court declines to exercise supplemental jurisdiction over these state law claims. To the extent that the Notleys have asserted a FCRA claim, this court will retain jurisdiction over their FCRA claim, but will grant the motion to remand the remaining claims to the state district court.

---

[2] *See also* 28 U.S.C. § 1441(c): "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

### D. Pending Motions

Also pending before the court are the Notleys' motion for summary judgment and Sterling Bank's motion for summary judgment. To the extent that these motions seek a judgment on the Notleys' state law claims, this court will defer decision of them to the state district judge following remand.

Sterling Bank's motion for summary judgment does not address the Notleys' FCRA claim and is thus remanded to state court in its entirety. The Notleys' motion for summary judgment appears to seek judgment on their FCRA claim. To the extent this motion seeks judgment on the Notleys' FCRA claim, this court will resolve the motion for summary judgment. In all other respects, the Notleys' motion for summary judgment is remanded back to state court for resolution. Any response in opposition to the Notleys' motion for summary judgment on their FCRA claim shall be filed no later than 20 days from the date of this order. Any reply shall be filed no later than 35 days from the date of this order.

The Notleys may, if they wish, re-file any appropriate dispositive motion, limiting argument to their FCRA claim, provided that they withdraw their pending motion for summary judgment within 7 days of the date of this order. Sterling Bank may, if it wishes, file or re-file any appropriate dispositive motion limited to the Notleys' FCRA claim.

An amended scheduling order will be issued setting a new deadline for the parties to file their dispositive motions and making additional necessary amendments to the pretrial schedule.[3]

### III. CONCLUSION

For the reasons discussed above, the plaintiffs' motion for remand is **GRANTED** in part and **DENIED** in part. This court will decline, pursuant to 28 U.S.C. § 1367(c)(2), to exercise its jurisdiction over the Notleys' state law claims against Sterling Bank.

It is therefore **ORDERED** that the Notleys' state law claims are **REMANDED** to the **298th Judicial District Court, Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

It is further **ORDERED** that this court will retain jurisdiction over the Notleys' FCRA claim against Sterling Bank.

It is further **ORDERED** that Sterling Bank is **GRANTED** leave to file additional dispositive motions within the deadlines established by the amended scheduling order.

---

[3] The amended scheduling order will set the deadline for filing dispositive motions for September 22, 2006.

It is further **ORDERED** that the Notleys are **GRANTED** leave to file additional dispositive motions within the deadlines established by the amended scheduling order provided that they withdraw their currently pending motion for summary judgment within 7 days of the date of this order.

It is further **ORDERED** that, in the event the Notleys do not withdraw their currently filed motion for summary judgment, any response in opposition shall be filed no later than 20 days from the date of this order. Any reply shall be filed no later than 35 days from the date of this order.

July 19, 2006.

_____
A. JOE FISH
CHIEF JUDGE